UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE LATESE WOMACK,

    Petitioner,                             Civil No. 2:07-CV-10519
                                                   HONORABLE PATRICK J. DUGGAN
v.                                                 UNITED STATES DISTRICT JUDGE

THOMAS BELL,

    Respondent,
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY HABEAS CORPUS PROCEEDINGS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 17, 2008.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Petitioner Frederick Latese Womack ("Petitioner"), who is presently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 12, 2008, Petitioner filed a motion to hold his habeas petition in abeyance so that he may present unexhausted claims to the state courts and, if necessary, amend his current petition to include those claims. For the reasons stated below, the Court grants Petitioner's motion and stays the proceedings under the terms outlined below.

### I. Background

Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted

of the following offenses: first-degree murder in violation of MICH. COMP. LAWS ANN. § 750.316; first-degree home invasion in violation of MICH. COMP. LAWS ANN. § 750.110a(2); felon in possession of a firearm in violation of MICH. COMP. LAWS ANN. § 750.224f; possession of a firearm in the commission of a felony in violation of MICH. COMP. LAWS ANN. § 750.227b; and being a third felony habitual offender in violation of MICH. COMP. LAWS ANN.§ 769.11. The Michigan Court of Appeals affirmed Petitioner's conviction on direct appeal. *People v. Womack,* No. 254007 (Mich. Ct. App. May 19, 2005) (unpublished opinion). The Michigan Supreme Court denied Petitioner leave to appeal on November 29, 2005. *People v. Womack*, 474 Mich. 938, 706 N.W. 2d 27 (2005).

On February 2, 2007, Petitioner filed the pending habeas corpus petition, in which he seeks habeas relief on the four grounds that he raised in the Michigan courts on direct appeal. On March 10, 2008, Petitioner filed a motion for relief from judgment in the state court pursuant to Michigan Court Rule 6.502. In his post-conviction motion, Petitioner raises five additional claims to challenge his state court conviction. He then filed the pending motion to stay the habeas proceedings until the state court adjudicates his post-conviction motion.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be

exceptional or unusual circumstances. *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Such circumstances exists where the outright dismissal of the habeas petition would jeopardize the timeliness of a future petition. *See Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005).

The Court will grant Petitioner's motion to hold his pending habeas petition in abeyance while he exhausts additional claims in state court. If the Court dismisses the petition outright, Petitioner's ability to timely re-file a petition for writ of habeas corpus following the adjudication of his state post-conviction motion will be placed in jeopardy due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d)(1).

The Supreme Court advised in *Rhines* that, when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." 544 U.S. at 278, 125 S. Ct. at 1535. Although Petitioner already has filed his post-conviction motion in the state court, the Court imposes the time limits set forth below in order to insure that he does not delay in returning to federal court after exhausting his state court remedies.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Stay Habeas Corpus Proceedings is **GRANTED**. The proceedings in this case are stayed pending Petitioner's exhaustion of his state court remedies provided that Petitioner returns to this Court within

**sixty (60) days** of exhausting his state court remedies and files a motion to lift the stay and to file an amended petition adding the exhausted claims.

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Freddie Latese Womack, #345245
Carson City Correctional Facility
10522 Boyer Road
Carson City, MI   48811

Raina I. Korbakis, Esq.