UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE LATESE WOMACK,

        Petitioner,                                     Case Number 2:07-CV-10519
                                                              HON. PATRICK J. DUGGAN

v.

THOMAS BELL,

        Respondent,
_____/

**ORDER (1) GRANTING PETITIONER'S MOTION TO LIFT STAY AND TO REINSTATE THE PETITION FOR WRIT OF HABEAS CORPUS; (2) GRANTING COUNSEL FOR PETITIONER'S MOTION TO WITHDRAW; (3) DENYING PETITIONER'S MOTIONS TO AMEND HIS PETITION; (4) DIRECTING PETITIONER TO FILE A SUPPLEMENTAL PETITION; AND (5) DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY ADDITIONAL RULE 5 MATERIALS**

      Petitioner Frederick Latese Womack ("Petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenged his conviction in 2004 for first-degree murder, first-degree home invasion, felon in possession of a firearm, possession of a firearm in the commission of a felony, and being a third felony habitual offender. Petitioner thereafter filed a motion to hold his habeas petition in abeyance so he could complete post-conviction proceedings in the state courts and exhaust additional claims that he had failed to raise in the state courts prior to filing his habeas petition. This Court granted the motion on March 17, 2008. The Court also administratively closed the case. *See Womack v. Bell*, No. 07-10519, 2008 WL 719223 (E.D. Mich. Mar. 17, 2008).

On May 28, 2010, Petitioner, through counsel, filed a motion to lift the stay and reinstate his petition for writ of habeas corpus. In the motion, Petitioner indicates that he has now exhausted his claims in the state courts. On May 29, 2010, Petitioner, again through counsel, filed an amended petition for writ of habeas corpus, which this Court construes as a motion to amend the habeas petition. The Court has since received a letter from Petitioner expressing his displeasure with his counsel's performance and, on August 3, 2010, Petitioner's counsel filed a motion to withdraw. Finally, on July 30, 2010, Petitioner filed a *pro se* motion to amend his petition and a proposed amended petition.

The Court grants Petitioner's motion to lift the stay and reinstate his petition, as Petitioner's exhaustion of his claims in the state courts renders his petition ripe for consideration. The Court also grants the motion to withdraw filed by Petitioner's counsel in light of Petitioner's and his counsel's agreement that the attorney-client relationship has deteriorated due to their disagreement as to which issues should be asserted in support of Petitioner's request for habeas relief and Petitioner's indication that he wishes to proceed without current counsel.

Petitioner's *pro se* proposed amended petition and the amended petition filed by his attorney do not raise the same issues. Because this causes uncertainty as to which additional grounds Petitioner actually wishes to raise in support of his request for habeas relief, the Court is denying Petitioner's motions to amend his petition. Instead, the Court is directing Petitioner to file a supplemental petition asserting any claims not raised in his original petition that he wishes to assert as grounds in support of his request for habeas

relief.[1]  The Court is directing Respondent to file a supplemental answer, in which Respondent needs to respond only to any additional grounds for relief that Petitioner raises in his supplemental petition.  Respondent also shall file any additional Rule 5 materials.

Based on the foregoing,

**IT IS ORDERED**, that Petitioner's motion to lift the stay is **GRANTED**. The stay is lifted and the Clerk of the Court shall reactivate this case;

**IT IS FURTHER ORDERED**, that Petitioner's motions to amend the petition for writ of habeas corpus (Docs. 16, 18, 19) are **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner shall file a supplemental petition within **thirty (30) days** of the date of this Order asserting only the additional grounds for relief that he wishes to raise;

**IT IS FURTHER ORDERED**, that Respondent shall file a supplemental answer and any additional Rule 5 materials which have not previously been provided to this Court within **ninety (90) days** of Petitioner's filing of his supplemental petition;

**IT IS FURTHER ORDERED**, that Petitioner shall have **thirty (30) days** from the date Respondent files his supplemental answer to file a reply brief.

DATE:August 12, 2010                    s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT COURT JUDGE

Copies to:

---

[1]To be clear, Petitioner should not re-assert the grounds for relief raised in his initial petition filed on February 2, 2007 (Doc. 1.)  Those grounds are preserved.

Freddie Latese Womack, #345245
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI   48048

Craig A. Tank, Esq.
Raina I. Korbakis, Esq.